**William B. CHAPMAN,
Plaintiff-Appellant,**

v.

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al., Defendants-Appellees.**

**No. 84–2058
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 16, 1984.

Rehearing Denied Aug. 15, 1984.

---

Curtis C. Mason, Huntsville, Tex., for plaintiff-appellant.

Daniel K. Hedges, U.S. Atty., James R. Gough, C.J. Neil Calnan, Nancy Pecht, Asst. U.S. Attys., Houston, Tex., for defendants-appellees.

Before RUBIN, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:

We are the second panel of this court to hear an appeal by William B. Chapman challenging his discharge from employment with the National Aeronautics and Space Administration (NASA) in August of 1977. In a prior opinion, 682 F.2d 526 (5th Cir. 1982), this court reversed the district court's holding that a supervisor's handwritten memoranda were not "records" within the meaning of the Privacy Act of 1974, 5 U.S.C. § 552a. In this appeal Chapman asks us to hold that the "law of the case" doctrine required the district court on remand to award him damages and precluded it from holding further hearings on factual issues. We hold that the "law of the case" doctrine does not apply to this case, and affirm the decision of the district court denying damages.

I.

William B. Chapman, the appellant, was a fifty-year-old space-scientist employed by NASA at the Johnson Space Center in August of 1977 when NASA discharged him for failure to follow administrative instructions and unsatisfactory job performance. From 1975 through 1977, his immediate supervisor privately kept handwritten memoranda about him. In April of 1977 the supervisor delivered the memoranda to the Personnel Management Specialist at NASA. These memoranda were placed in Chapman's file, unbeknownst to Chapman, and were influential in the August employment termination decision. Chapman discovered the memoranda when he inspected his file in July of 1977, after receiving notice of an impending removal action.

After his employment termination, Chapman filed a lawsuit, alleging age discrimination, 29 U.S.C. § 633a, sex discrimination, 42 U.S.C. § 2000e–16, and violation of the Privacy Act of 1974, 5 U.S.C. § 552a. A jury rejected the age discrimination claim, and the court rejected the sex discrimination claim. The court also rejected the Privacy Act claim on the basis that the supervisor's memoranda were not "records" within the meaning of the Privacy Act. 5 U.S.C. §§ 552a(a)(4) and 552a(a)(5). Chapman appealed, and this court affirmed the determinations in favor of NASA on the age and sex discrimination issues, but reversed the trial court's disposition of the Privacy Act issue. *Chapman v. NASA*, 682 F.2d 526, 527 (5th Cir.1982).

In reversing the district court, this court concluded that "the Privacy Act does not prohibit taking and keeping private notes which may serve as valuable memory refreshers," but that "a redressable violation of the Act occurred in this case." *Id.* We specifically refused to make either "a qualitative" or a "quantitative" analysis of the role the supervisor's memoranda played in Chapman's discharge, except to observe that the memoranda "in fact were involved in the decision to terminate Chapman's employment." *Id.* at 528–29. We held that private notes may become part of the agency's official records, but only if they are placed in those records in a timely fashion. Finally, we said that "[a] timely placement

would be accomplished if a supervisor's private notes are incorporated in the agency's administrative records, either physically or by inclusion of the information contained therein, at the time of the next evaluation or report on the employee's work status or performance." *Id.* at 529. We reversed and remanded the Privacy Act claim "for further proceedings consistent [t]herewith." *Id.* at 530.

On remand, the district court made further factual findings to determine whether Chapman should recover damages under the Privacy Act pursuant to 5 U.S.C. § 552a(g)(1)(C) or § 552a(g)(1)(D). Those sections allow a plaintiff to recover monetary damages from the government only if he first proves that the agency "acted in a manner which was intentional or willful." 5 U.S.C. § 552a(g)(4). *See also Perry v. Block,* 684 F.2d 121, 129 (D.C.Cir.1982); *Edison v. Department of the Army,* 672 F.2d 840, 846 (11th Cir.1982); *Parks v. IRS,* 618 F.2d 677, 683 (10th Cir.1980). The district court found that Chapman "neither pleaded nor prove[d] any intentional or willful actions by the agency" and therefore was "entitled to recover no damages at all." The district court also declined to award Chapman attorney fees.

Chapman appeals, urging that because the first opinion of this court said that there was a "redressable violation," the only appropriate action for the district court to take upon remand was to award damages. Chapman further urges that he both pleaded and proved willful and intentional conduct by NASA, and that he is entitled, as a matter of law, to recover lost past and future wages as damages. He filed a motion for attorney's fees contemporaneously with his appeal. We hold that this court's first opinion in this case did not decide that Chapman was entitled to damages and that the "law of the case" doctrine did not foreclose the district court's subsequent factual hearings and decision to award no damages to Chapman. We

further hold that the district court's determination that Chapman had not proved the government acted intentionally or willfully is not clearly erroneous, and therefore do not address the question whether Chapman should recover damages for lost wages. We also decline to award Chapman attorney fees.

## II.

 The "law of the case" doctrine, as it applies to this case,[1] operates to preclude a reexamination of issues of law decided on appeal, explicitly or by necessary implication, either by the district court on remand or by the appellate court in a subsequent appeal. *Conway v. Chemical Leaman Tank Lines, Inc.,* 644 F.2d 1059, 1061–62 (5th Cir.1981); *Lehrman v. Gulf Oil Corp.,* 500 F.2d 659, 662–63 (5th Cir.1974), *cert. denied,* 420 U.S. 929, 95 S.Ct. 1128, 43 L.Ed.2d 400 (1975). It is a restriction self-imposed on the courts to further the interests of judicial efficiency, and is based on the policy that issues once decided should remain so. An appellate court could not perform its duties satisfactorily and efficiently if every question it once considered and decided remained open for reexamination in subsequent proceedings in that same case. *Key v. Wise,* 629 F.2d 1049 (5th Cir.1980) *quoting White v. Murtha,* 377 F.2d 428, 431 (5th Cir.1967). The doctrine, of course, does not bar consideration of any issue that might have been, but was not actually, resolved in the earlier proceeding. *United States v. Louisiana,* 669 F.2d 314 (5th Cir.1982); *Signal Oil & Gas Co. v. Barge W–701,* 654 F.2d 1164, 1169 (5th Cir.1981), *cert. denied,* 455 U.S. 944, 102 S.Ct. 1441, 71 L.Ed.2d 656 (1982).

 In this case, the issues previously decided on appeal were (1) that handwritten memoranda evaluating or commenting upon an employee's performance or conduct are "records" within the meaning of the Privacy Act, and (2) that if the memo-

---

1. The "law of the case" doctrine may have slightly different meanings depending upon the context in which it is asserted. *See, e.g., Loumar v. Smith,* 698 F.2d 759, 762 (5th Cir.1983)

(doctrine prevents collateral attacks during pendency of lawsuit). *See generally* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4478 (1981).

randa were part of the basis for adverse action, they were subject to the timely placement requirements of section 552a(e)(5) of the Act. The controversy in this case stems from the court's remark that a "redressable violation" occurred. *Chapman*, 682 F.2d at 528.

We decline to hold that by using the phrase "redressable violation" this court previously intended to hold that the government must pay damages to Chapman without further judicial examination of the issue of liability. What this court decided was that Chapman's complaint stated a claim under the Privacy Act. Nothing in the previous opinion suggests that the court intended to address or necessarily must have addressed the issue whether the government had the intent or willfulness necessary before a plaintiff may recover damages under the Act. *See* 5 U.S.C. § 552a(g)(4). Indeed, because the district court initially decided the Privacy Act issue on a legal basis that made specific factual findings unnecessary, this court could not have addressed the intent issue in the first appeal.[2] Intent is an issue of fact that belongs in the first instance to the trial court. Fed.R.Civ.P. 52(a).[3]

■ When, as here, the previous court's ruling is unclear or open to conflicting interpretations, we presume that the ruling was not erroneous and was otherwise in accordance with law. *Key v. Wise*, 629 F.2d at 1055 n. 4. We find support for applying this presumption to this case in the language of our previous opinion which declined to make either a "qualitative" or "quantitative" analysis of the role of the improper records, *Chapman*, 682 F.2d at

528, and also in the fact that the court generally remanded the case "for further proceedings consistent [t]herewith." *Id.* at 530. Such general language suggests that the appellate court did not intend to decide a factual issue that was not within its province, or to "tie the lower court's hands in its task to a bedpost forcing it to stare only at the [issues specifically decided]." *Doran v. Petroleum Management Corp.*, 576 F.2d 91, 92 (5th Cir.1978).

■ Chapman further urges that even if the law of the case doctrine is not applicable, he both pleaded and proved intentional or willful withholding of the handwritten records by NASA. On remand, the district court specifically concluded that "there is simply no evidence of any actions which could be construed reasonably as being either 'intentional' or 'willful.'" Our review of this factual determination is limited. We may overturn it only if we conclude that the district court's decision was clearly erroneous. Fed.R.Civ.P. 52(a). *See also Pullman-Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). While the inferences that might be drawn from the supervisor's withholding of the personal memoranda for almost two years when the Act and NASA's own internal rules both require that the maintenance of records be timely may call into question the district court's "simply no evidence" characterization, we do not find the district court's holding that Chapman had not proved willfulness or intent to be clearly erroneous.

■ Chapman urges that his supervisor willfully violated the requirement of timeli-

---

**2.** A factual issue, of course, could become the law of the case, but only if previously appealed and affirmed as not being clearly erroneous. *Cf. Goodpasture, Inc. v. M/V Pollux*, 688 F.2d 1003, 1006 (5th Cir.1982), *cert. denied*, 460 U.S. 1084, 103 S.Ct. 1775, 76 L.Ed.2d 347 (1983). This situation should not be confused with an exception to the "law of the case" doctrine which allows a subsequent court to decline to apply the doctrine if the holding in the previous opinion were clearly erroneous. *Id.* at 1005. A factual issue coming within the "law of the case" doctrine by virtue of being affirmed on appeal

would, of course, be subject to the clearly erroneous exception to the doctrine.

**3.** With the exception of *Goodpasture, Inc. v. M/V Pollux*, 688 F.2d 1003 (5th Cir.1982), *cert. denied*, 460 U.S. 1084, 103 S.Ct. 1775, 76 L.Ed.2d 347 (1983), discussed *supra* note 2, the other two cases upon which Chapman principally relies, *Morrow v. Dillard*, 580 F.2d 1284 (5th Cir. 1978), and *E.E.O.C. v. Int'l Longshoremen's Ass'n*, 623 F.2d 1054 (5th Cir.1980), addressed purely legal issues that became the law of the case.

ness by withholding notes that he obviously knew existed, and then incorporating them into Chapman's record several months later, just prior to Chapman's dismissal. We do not agree that this conduct, without more, necessarily implies that NASA acted with the willfulness or "gross negligence," that is a prerequisite to recovery of damages under the Privacy Act. *Edison v. Department of the Army,* 672 F.2d at 846. NASA's internal rules allowed for handwritten memoranda to be incorporated into personnel records even before this court decided that issue in the first appeal of this case. Indeed, the first time the district court heard this case, it did not even think handwritten memoranda were "records" within the meaning of the Act.

While the handwritten memoranda could not have been excused from the "timely" incorporation requirement of the Act and NASA's own rules, before our previous opinion "timely" had no precise legal meaning in this circuit. NASA personnel reasonably could have thought that as long as the memoranda were placed in the file before they became the basis for adverse action, and as long as the employee had an opportunity to review them prior to challenging the agency's action, the incorporation was "timely." *Cf. Thompson v. Department of Transportation,* 547 F.Supp. 274 (S.D.Fla.1982) ("contemporaneously with or within a reasonable time after an adverse disciplinary action is proposed"). Chapman has adduced no further evidence that his supervisor's failure to give the memoranda to the personnel supervisor immediately after writing them was inexcusable oversight, or that the supervisor had any unlawful intent or ulterior motive in keeping his memoranda private. We conclude that the district court's finding that the supervisor's actions simply fell short of being intentional or willful within the meaning of the Act is not clearly erroneous.

The decision of the district court, therefore, is AFFIRMED.

Appellant's motion for attorney fees is DENIED.