UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50511
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FRANCISCO VASQUEZ-BALANDRAN,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
_____

February 19, 1996

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

The sole issue on this direct criminal appeal is whether the district court properly determined that the appellant's prior Texas state conviction for robbery was an "aggravated felony" as defined by U.S.S.G. § 2L1.2(b)(2), a sentencing guideline enhancement provision. We affirm.

I. FACTS AND PROCEDURAL HISTORY

On May 12, 1995, Jose Vasquez-Balandran (Vasquez) pleaded guilty to illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 46 months imprisonment. Previously, in 1994, Vasquez had been deported after

his conviction in Texas state court for robbery. Based on this previous conviction, the probation officer recommended the application of U.S.S.G. § 2L1.2(b)(2), which provides for a 16-level upward adjustment in offense level for a defendant convicted under § 1326 who previously was deported after a conviction for an aggravated felony.

Vasquez objected to the probation officer's recommendation, arguing that his robbery conviction could not be classified as an aggravated felony because, according to the commentary's definition of an aggravated felony, a sentence of imprisonment of at least five years must have been imposed. Section 2L1.2, comment. (n.7). In his case, Vasquez argued, imprisonment was not imposed but rather probation was granted. The probation officer responded that the state judgment indicated a sentence of ten years imprisonment was imposed and then suspended,[1] and that the guideline commentary provided that it applied "regardless of any suspension of such imprisonment." Section 2L1.2, comment. (n.7). Vasquez again objected, arguing that under Texas law, when a defendant receives

---

[1]    The state court judgment provided as follows:

It is therefore considered and adjudged by the Court that the said Defendant is guilty of the offense of Robbery, Count 2 paragraph "B" as confessed by him in said plea of guilty herein made, and that he be punished by confinement in the Texas Department of Criminal Justice-Institute Division for ten (10) years and a fine of $0 . . . The imposition of the above sentence (and fine) is suspended and the Defendant is placed on adult probation under the terms and conditions set out in Exhibit "A" hereto attached.

(emphasis added).

2

probation, a sentence is not "imposed" unless and until probation is revoked.  The district court adopted the presentence report and held that § 2L1.2 applied based on Vasquez's prior "conviction of a crime of violence and a sentence exceeding five years, even though it was suspended."  Vasquez now appeals.

II.  ANALYSIS

Vasquez argues that the district court erroneously interpreted § 2L1.2(b)(2) to apply to his case.  More specifically, relying on Texas law, he contends the district court erroneously determined that his prior state conviction was an "aggravated felony" as defined by § 2L1.2(b)(2).  Whether the sentencing guidelines apply to a prior conviction is a question of law.  United States v. Garcia-Rico, 46 F.3d 8, 9 (5th Cir.), cert. denied, __ U.S. __, 115 S.Ct. 2596 (1995).  We review questions of law de novo.  Id.

Section 2L1.2(b)(2) provides that "[i]f the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels."  The commentary to that guideline explains that "aggravated felony" includes "any crime of violence (as defined in 18 U.S.C. § 16 . . . ) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years."  § 2L1.2, comment. (n.7).[2]

---

[2]    Congress defined "crime of violence" to mean:

(a)n offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be

3

That definition mirrors the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(F).

Vasquez does not dispute that his prior Texas conviction for robbery constitutes a crime of violence. He argues that the 16-level enhancement does not apply because no term of imprisonment was ever "imposed" as required by § 2L1.2(b)(2). Instead, he argues that, pursuant to Texas law, when a trial court granted probation, a sentence was "assessed" but the sentence was not imposed.[3]

Texas law did distinguish between "assessing" and "imposing" a sentence in the context of granting probation under the former version of Art. 42.12, § 3 V.A.C.C.P, which was in effect at the time that Vasquez committed the robbery. McCullar v. State, 676 S.W.2d 587, 588 (Tex.Cr.App. 1984). Nevertheless, because we determine that federal law rather than state law applies to this issue of statutory interpretation, the distinction made by the Texas courts is not controlling.

In United States v. Morales, 854 F.2d 65, 68 (5th Cir. 1988), we explained that while state law may be examined for informational purposes, we are not constrained by a state's "treatment of a felony conviction when we apply the federal sentence-enhancement

---

used in the course of committing the offense.

18 U.S.C. § 16.

[3] As the Government notes, on September 1, 1993, Texas amended Art. 42.12 § 3 by replacing all references to "adult probation" with "community supervision." Interestingly, the amended version does not refer to "assessing" a sentence.

provisions."  Likewise, in the instant case, we are not bound by Texas's treatment of Vasquez's prior state sentence under Art. 42.12, § 3.

Moreover, there is no indication in the relevant guideline or statutes that the Sentencing Commission or Congress intended state law to determine whether the term of imprisonment was <u>imposed</u>.  <u>See</u> <u>Wilson v. I.N.S.</u>, 43 F.3d 211, 214-15 (5th Cir.), <u>cert. denied</u>, __ U.S. __, 116 S.Ct. 59 (1995) (explaining that federal law governs the application of federal legislation in the absence of clear language to the contrary) (quoting <u>Yanez-Popp v. INS</u>, 998 F.2d 231 (4th Cir. 1993)).  We therefore must assume that the Sentencing Commission/Congress did not intend to make the application of § 2L1.2(b)(2) dependent upon Texas law.

In any event, regardless of the semantics used by the Texas legislature, we must interpret the provision in light of the purpose or policy the Sentencing Commission sought to serve.  <u>See</u> <u>United States v. One Parcel of Land</u>, 33 F.3d 11, 12 (5th Cir. 1994).  Accordingly, federal law controls.

Vasquez argues that the district court's interpretation of § 2L1.2(b)(2) is contrary to that provision's purpose.  He asserts that, by its terms, that provision does not apply to a sentence of probation.  He describes Texas's requirement of "assessing" a term of punishment before granting probation as an "unimportant detail." He argues that the federal government and other states do not have such a requirement, and thus, it would be unfair and inconsistent to treat Vasquez's probationary sentence differently because of

this anomalous requirement.

Contrary to Vasquez's assertion, Texas did (and still does) have a provision that allowed a defendant to be placed on probation (now "community supervision") without first assessing a term of imprisonment. Tex.C.C.P. Art. 42.12 Sec. 5(a) (Deferred Adjudication). More importantly, under Texas law, a sentence is not "imposed" until probation is revoked. McCullar v. State, 676 S.W.2d 587, 588 (Tex.Cr.App. 1984). When a Texas trial court grants probation, it assesses punishment; however, a "[s]entence is not imposed until probation is revoked . . . ." Id. (emphasis added). As such, once a sentence is imposed, it is to be served, and the imposition cannot be suspended. Under those circumstances, no Texas defendant who received a suspended sentence under Art. 42.12 § 3 would be eligible for this enhancement because the suspended sentence would not be deemed "imposed" until probation was revoked. It does not appear that the Sentencing Commission or Congress intended such a result.

The language "regardless of any suspension of such imprisonment" indicates that the Commission intended that defendants who had a previously determined (whether it is called imposed or assessed) period of incarceration of at least five years would receive the aggravated felony enhancement under § 2L1.2(b)(2). Section 2L1.2, comment. (n.7). If we were to accept Vasquez's argument, then defendants in Texas with assessed but not imposed periods of incarceration would escape the enhancement.[4] In

--------

[4] Further, in the similar context of adding points to a

the context of enhancing a defendant's sentence under § 2L1.2,[5] we find that there is no meaningful distinction between a Texas court's "assessing" a term of imprisonment and "imposing" a term of imprisonment. To hold otherwise would limit the applicability of the enhancement under § 2L1.2(b)(2) to those defendants who actually serve their sentences. Clearly, the Sentencing Commission envisioned this provision's applicability to extend to those defendants who actually are ordered to serve their sentences and also those defendants who avoid a determined period of incarceration by a process which suspends serving the term of imprisonment. Thus, although the Texas legislature labeled it "assessing," for our purposes, the court was imposing a term of imprisonment, which it then suspended. In the instant case, Vasquez would have had to serve the determined period of confinement but for the probation order that suspended its imposition. Accordingly, we hold that the district court properly applied the enhancement under § 2L1.2.

AFFIRMED.

---

defendant's criminal history category for a prior conviction under § 4A1.2(a)(3), the Sentencing Commission treated a sentence in which the court suspended imposition the same as a sentence in which the court suspended the execution. See § 4A1.2(a)(3) & U.S.S.G. App. C, Amendment 352.

[5] Pursuant to § 2L1.2, the Sentencing Commission/Congress clearly intended to substantially increase the punishment of aliens who reentered the United States without permission after being deported based on an aggravated felony.