IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50948
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OSCAR HUERTA-GANDARA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-98-CR-338-ALL-H)
_____

June 3, 1999

Before KING, Chief Judge, JONES and DAVIS, Circuit Judges.

PER CURIAM:[*]

Oscar Huerta-Gandara pleaded guilty to one count of illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. The district court subsequently sentenced appellant to seventy months of imprisonment. In sentencing Huerta-Gandara, the district court applied United States Sentencing Guideline (U.S.S.G.) § 2L1.2(b)(1)(A), which increases a defendant's

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level by sixteen if the defendant was previously deported after a conviction for an aggravated felony offense, based on Huerta-Gandara's 1993 conviction for burglary of a vehicle in Texas state court. Huerta-Gandara then filed a motion pursuant to 18 U.S.C. § 3742 to resentence, based on his argument that his conviction for burglary of a vehicle did not qualify as an aggravated felony, as that term is defined in 8 U.S.C. § 1101(a)(43)[1], because he had not been sentenced to a term of imprisonment greater than five years.

Huerta-Gandera's only argument on appeal is that the district court erred in applying U.S.S.G. § 2L1.2(b) because there is insufficient evidence that his prior conviction for burglary of a vehicle qualifies as an aggravated felony. In support, he points to the first page of the state-court judgment in his burglary case, which states that his "Punishment and Place of Confinement" was "NINE (9) YEARS A/P." He argues that it is ambiguous from the state-court judgment whether the state court sentenced him to a term of imprisonment, and therefore that the district court erred in increasing his offense level pursuant to under § 2L1.2(b).

The district judge properly rejected Huerta-Gandera's contention. Although it is arguably difficult to tell from the first page of the state-court judgment whether appellant was

---

[1] The definition of aggravated felony was amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 321(a)(3), 110 Stat. 3009, 546, 627–28 (1997). The parties agree that the pre-amendment definition of aggravated felony applies to this case.

2

sentenced to a term of imprisonment greater than five years, the second page of the judgment makes clear that he was sentenced to a term of imprisonment "in the Texas Department of Criminal Justice - Institutional Division (County Jail) for NINE (9) YEARS," and that this sentence was suspended in favor of adult probation.  This language was sufficient for the district court to conclude that Huerta-Gandera had been sentenced to a term of imprisonment greater than five years, and thus that the appellant's prior conviction was an aggravated felony under § 1101(a)(43).  See United States v. Vasquez-Balandran, 76 F.3d 648, 651 (5th Cir. 1996) (affirming district court's application of § 1101(a)(43) based on that almost-identical language in a Texas judgment).  The district judge thus properly applied the sixteen-level increase in § 2L1.2(b).  Therefore, the judgment of the district court is AFFIRMED.