**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 28, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50892

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

HECTOR DANIEL GAMEZ-ALE, also known as Hector Rodriguez,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas, Del Rio
USDC No. DR-03-CR-171-1-AML
--------------------

Before SMITH, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Hector Daniel Gamez-Ale appeals the district court's decision to apply a twelve-level increase to his offense level at sentencing. Because we conclude that the district court properly ordered the increase, we affirm the sentence imposed.

In August 2001, Gamez-Ale pleaded guilty and was convicted in Minnesota state court of unlawful sale of a controlled substance to a person under eighteen years of age, *see* Minn. Stat. § 152.023,

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

subd. 1(3) (2003).  This crime carried a maximum punishment of twenty years' imprisonment.  *See id.* § 152.023, subd. 3(a).  The court placed Gamez-Ale on probation for a period of zero to twenty years, stayed imposition of the sentence, and ordered Gamez-Ale to serve sixty days in jail as a condition of probation.

In May 2002, federal immigration authorities deported Gamez-Ale to Mexico.  A few weeks later, the Minnesota sentencing court discharged Gamez-Ale from probation.  Under Minnesota law, a conviction for a felony "is deemed to be for a misdeanor" when imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is discharged from probation without a prison sentence.  Minn.  Stat. § 609.13, subd. 1(2) (2003).  The Minnesota sentencing court accordingly deemed Gamez-Ale's felony conviction a misdemeanor.

In February 2003, border patrol agents apprehended Gamez-Ale when he attempted to reenter the United States.  Gamez-Ale pleaded guilty to illegal reentry, *see* 8 U.S.C.A. § 1326(a) (West 1999).

At sentencing, Gamez-Ale challenged the application of section 2L1.2(b)(1)(B) of the Sentencing Guidelines, which requires a twelve-level increase for "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less," U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(B) (2002). Gamez-Ale argued that his prior drug trafficking conviction was not a felony because the Minnesota sentencing court later deemed it a

2

misdemeanor.  The district court rejected this argument and applied the twelve-level increase.

Having reviewed de novo the district court's application of the sentencing guidelines, *see United States v. Landeros-Arreola*, 260 F.3d 407, 410 (5th Cir. 2001), we conclude that the district court was correct.

A state's classification of a state sentence does not control whether the guidelines apply to that sentence.  *Id.*  Rather, whether the guidelines apply to a particular sentence is a question of federal law.  *Id.*  Under federal law, traditional rules of statutory interpretation guide our understanding of the guidelines. *United States v. Mendez-Villa*, 346 F.3d 568, 570 (5th Cir. 2003). Interpretation of a guideline therefore starts with "a plain-meaning approach" to the text.  *Id.*  The commentary is authoritative.  *Id.*

A plain-meaning approach to section 2L1.2(b)(2)(B) and the attendant commentary supports the district court's determination. A "felony" is "any federal, state, or local offense *punishable* by imprisonment for a term exceeding one year."  § 2L1.2, cmt. n.1(B)(iv) (emphasis added).  The word "punishable" indicates that the definition of felony does not turn on the sentence a defendant actually received, but the maximum sentence that could result from a conviction for that offense.  *See United States v. Rivera-Perez*, 322 F.3d 350, 352 (5th Cir. 2003); *cf. Dickerson v. New Banner*

*Inst., Inc.*, 460 U.S. 103, 113 (1983) ("It was plainly irrelevant to Congress whether the individual in question actually receives a prison term; the statute imposes disabilities on one convicted of 'a crime *punishable* by imprisonment for a term exceeding one year.'") (quoting 18 U.S.C. § 922(g)(1) (1976 & Supp. V 1982)) (emphasis in *Dickerson*). The offense for which Gamez-Ale was convicted bears a maximum sentence of twenty years' imprisonment. Minn. Stat. § 152.023, subd. 3(a). Therefore, Gamez-Ale was convicted of an offense punishable by imprisonment for a term exceeding one year, i.e., a felony.

Gamez-Ale relies on *United States v. Landeros-Arreola*, 260 F.3d 407 (5th Cir. 2001), and *United States v. Compian-Torres*, 320 F.3d 514 (5th Cir. 2003), for the proposition that if a court reduces a sentence, the reduced sentence determines the punishment for a subsequent offense. Even assuming that Gamez-Ale has properly characterized his sentence as "reduced," neither case supports Gamez-Ale's contention that his conviction is not a felony for purposes of federal sentencing law. *Landeros-Arreola* involved the meaning of "aggravated felony," which was defined as "a crime of violence for which the term of imprisonment [is] at least one year," 8 U.S.C.A. § 1101(a)(43)(F) (West 1999). *See* 260 F.3d at 410. The phrase "term of imprisonment," in turn, referred to "the period of incarceration or confinement ordered by a court of law." 8 U.S.C.A. § 1101(a)(48)(B). Therefore, the definition of

4

"aggravated felony" hinged on the punishment imposed in a particular case. *Compian-Torres* involved the application of the term "sentence imposed," which likewise depended on the punishment imposed in a particular case. 320 F.3d at 515. In contrast, the definition of "felony" under section 2L1.2 hinges on the punishment a court could have imposed. *See* § 2L1.2, cmt. n.1(B)(iv). When, as in this case, the sentencing court must look to how an offense is punishable, how the offense actually was punished is irrelevant.

Thus, the district court correctly held that Gamez-Ale's prior conviction for drug trafficking, though deemed a misdemeanor by operation of section 609.13 of the Minnesota Statutes, is a felony for purposes of section 2L1.2(B)(1)(b) of the U.S. Sentencing Guidelines.

AFFIRMED.

5