JAMES E. GRAVES, JR., Circuit. Judge,
dissenting.
The majority opinion concludes that the district court did not plainly err when it imposed an eight-level enhancement to Na-rez-Garcia’s sentence because of a prior conviction for an aggravated felony with a term of imprisonment of at least one year under Ü.S.S.G. § 2Ll.l(b)(l)(C). It also rejects, in a footnote, Narez-Garcia’s argument that the eight-level enhancement was improper because of our application of Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in United States v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir.2016), reh’g en banc granted, 815 F.3d 189, 2016 WL 766980 (5th Cir.2016), invalidating 18 U.S.C. § 16(b)’s definition of crime of violence as unconstitutionally vague. Because I conclude that the district court plainly erred when it imposed the enhancement, I respectfully dissent.
*153 I.
Narez-Garcia first challenges the eight-level enhancement, arguing that he was not sentenced to a term of imprisonment of at least one year for the prior Arkansas conviction. Therefore, Narez-Garcia contends, the eight-level enhancement for a prior aggravated felony found in 1T.S.S.G. § 2Ll.l(b)(l)(C) was inapplicable to the’ Arkansas conviction. I agree.
We have repeatedly held that for a suspended sentence to be read as imposing a term of imprisonment, the sentence must be imposed in the first instance and then suspended. United States v. Mondragon-Santiago, 564 F.3d 357, 368 (5th Cir.2009). If the sentence places conditions on release with the option ,of later imposing a sentence for violating the terms of that release, then the sentence does not include a, term of imprisonment. Id. Moreover, a reduction of a sentence to probation is not an imposition of a prison term, but a suspension of a sentence for probation is an imposition of a sentence in the first instance. United States v. Landeros-Arreola, 260 F.3d 407, 409-14 (5th Cir.2001).
Narez-Garcia’s Arkansas convictions for aggravated assault and domestic battery resulted in a suspended imposition of sentence of 72 months and a 12-month term of probation. Arkansas Law defines suspended imposition of sentence as “a procedure in which a defendant who pleads or is found guilty of an offense is released by the court without pronouncement of sentence and without supervision.” ArkCode Ann. § 5-4-101(6). Probation is defined as “a procedure in which a defendant who pleads or is found guilty of an offense is released by the court without pronouncement of sentence but subject to the supervision of a probation officer.” Id. § 5-4-101(2). Neither suspended imposition of sentence nor probation results in the imposition of a sentence. Therefore, Arkansas’s statutory commands are unimpeachable: there is no term of imprisonment where there is no pronouncement of a sentence.
The majority opinion seeks to support its claim of a “confused history” of defining suspended imposition of sentence by citing to a journal article and Arkansas case law. Each cited authority, however, is consistent with the clear statutory language. For example, the journal article clearly states that “[suspension is' defined as a procedure whereby a defendant ... is released by the court without pronouncement of sentence and without supervision.” DiPippa, Suspending Imposition and Executive of Criminal Sentences: A Study of Judicial and Legislative Confusion, 10 U. Ark. Little-Rock L.J. 367, 374-75 (1988) (internal quotations and citations omitted) (emphasis added). Similarly, the majority cites an unpublished Arkansas Court of Appeals decision, Lalota v. State, No. CACR 06-821, 2007 WL 2660244 (Ark.Ct.App. Sep. 12, 2007), in an attempt to demonstrate this “confused history.” But there is no reference to a term of imprisonment being imposed and then suspended pending compliance . with certain conditions. Rather, Lalota explicitly states that the defendant’s “imposition of sentence, was suspended,” and that the court did not “impose an actual sentence.” Id. at *2.
The majority, however, is correct that the Arkansas Supreme Court has stated that a defendant may not be’ sentenced to both a suspended imposition of sentence and probation at the same time. See Culpepper v. State, 268 Ark. 263, 595 S.W.2d 220, 223 (1980). But an unrelated error by the. Arkansas judge when sentencing Narez-Garcia cannot now be used by the majority as evidence that the district court did not plainly err.
The statutory language is crystal clear. Arkansas law prohibits the imposition and *154 then suspension of a term of imprisonment. Therefore, the district court plainly-erred when it -applied an eight-level enhancement to Narez-Garcia because of a past conviction for aggravated assault.
II.
Narez-Garcia also argues that the district court plainly erred because it applied an unconstitutionally vague definition of crime of violence when enhancing Narez-Garcia’s sentence as a result of a prior conviction for an aggravated felony. More specifically, Narez-Garcia contends that our recent decision in United States v. Gonzalez-Longoria that 18 U.S.C. § l,6(b)’s residual clause is unconstitutionally vague under Johnson, 813 F.3d at 234-35, prohibits application of the eight-level enhancement. The majority rejects this argument in’ a footnote, determining that the district court applied 18 U.S.C. § 16(a) instead of § 16(b). But their conclusion is not supported by the record.
At the sentencing hearing, Narez-Garcia and the government conceded that § 16(a) did not apply. See Tr. of Sentence at 3 (“[T]he government has conceded that [Narez-Garcia’s prior conviction] is not a crime of violence ... under [§ 16(a)’s] definition so we’re going to concentrate on [§ ](b).”). The district court neither rejected nor accepted the concession; instead, it read aloud the indictment from Narez-Garcia’s Arkansas convictions and asked “why doesn’t that meet the requirements of an aggravated offense.” Id. at 5-6. Narez-Garcia responded that his convictions did not meet the definition of a crime of violence under § 16(b). Id. at 7. The district court rejected that argument, concluding “that Count Two of the information does allege a count of an aggravated offense, and; that’s one. of the counts he plead to, and so I find that it does meet the criteria of an aggravated offense, both under the guidelines and under the statute and deny your objection.” Id. The district, court, however, never stated whether this finding was made under § 16(a) or § 16(b). Therefore, given the concession by both parties, and that the district court seems to agree and engage in a colloquy with defense counsel regarding § 16(b), I am compelled to conclude that the district court found that Narez-Garcia’s prior convictions were a crime. of violence under § 16(b).
Because Narez-Garcia’s prior conviction was found to be a crime of violence under § 16(b), I would apply the Johnson analysis and conclude that the district court plainly erred when it imposed the eight-level enhancement because § 16(b)’s residual clause is unconstitutionally vague.[1] The majority’s summary disposal of Na-rez-Garcia’s Johnson argument' is therefore improper given • the ■ overwhelming record evidence that' Narez-Garcia was convicted under § 16(b)..
III.
The existence of error, however, is not enough. It must also be shown that the wrongfully imposed sentence effected Na-rez-Garcia’s substantive rights. If the district court properly applied the guidelines, the Arkansas convictions would have resulted in a four-level enhancement for a prior conviction for any other felony. See U.S.S.G. § 2L1.2(b)(l)(D). With an offense level of 12, Narez-Garcia’s guidelines range would have been 24 to 30 *155 months imprisonment, lower than his 33-month sentence. Because Narez-Garcia was sentenced to a term of imprisonment outside his proper guidelines range, it is clear that the sentence effected Narez-Garcia’s substantive rights. Therefore, I would exercise our discretion to vacate Narez-Garcia’s sentence and would remand for resentencing.
I respectfully dissent.

. We recently decided that 18 U.S.C. § 16(b) is unconstitutionally vague. See Gonzalez-Longoria, 813 F.3d at 234-35. Because en banc review is pending in Gonzalez-Longoria, I would hold this case in abeyance pending final disposition of Gonzalez-Longoria by the en banc court.