**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-50363

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

V.

TOMAS YANEZ-HUERTA,

Defendant - Appellant.

Appeal from the United States District Court
For the Western District of Texas -- Del Rio Division

March 23, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges:

PER CURIAM:

Defendant pleaded guilty to illegal reentry as a deported alien in violation of 8 U.S.C. § 1326. The district court denied defendant's motion for a downward departure, because his five-year suspended term of imprisonment for a prior aggravated felony rendered him ineligible for a downward departure in sentencing based on the seriousness of the underlying felony. We AFFIRM.

**I.**

In December 1996, Defendant Tomas Yanez-Huerta, a Mexican citizen, was stopped for riding a bicycle without a safety helmet in Dallas, Texas. Visibly intoxicated at the time, he was arrested and searched. The search revealed 1.8 grams of cocaine in his

possession.  Yanez-Huerta was prosecuted for possession of cocaine in Texas state court and received a sentence of five years confinement, suspended and probated for five years.  He was then deported to Mexico in June 1998.  Less than five months later, Yanez-Huerta was back on the road to the Big D.  A Border Patrol agent stopped the truck in which he was a passenger after witnessing two individuals jump out of the brush and into the truck near Del Rio, Texas.

Yanez-Huerta pleaded guilty to a charge of unlawful reentry as a deported alien.  *See* 8 U.S.C. § 1326 (1994).  He was subject to a 16-level increase to his sentence under United States Sentencing Guideline ("U.S.S.G.") §2L1.2, because of his earlier conviction for cocaine possession.  In the presentence report, the probation officer recommended that Yanez-Huerta's offense level be tripled, from level 8 to level 24, to reflect the earlier conviction for an "aggravated felony."  *See* §2L1.2(b)(1)(A).[1]  After a three-level reduction for acceptance of responsibility, pursuant to §3E1.1, Yanez-Huerta's total offense level was 21 and his criminal history category was IV, resulting in a guideline range of 57 to 71 months.

Yanez-Huerta did not challenge the guideline calculation, but did move for a downward departure pursuant to U.S.S.G. §2L1.2, Application Note 5.  Note 5 provides for a two-level downward departure when a criminal defendant has only a single non-violent underlying felony that resulted in a "term of imprisonment imposed"

---

[1] Yanez-Huerta also had three prior misdemeanor convictions, all for illegally entering the United States.

of less than one year. Appellant's eligibility for this particular departure hinged entirely on whether his five-year suspended sentence qualifies as a "term of imprisonment imposed" of less than one year. Essentially, appellant argues that "term of imprisonment imposed" should be read as "term of imprisonment served." The district court rejected this argument, denied Yanez-Huerta's motion for departure, and sentenced him to 57 months imprisonment. Yanez-Huerta appeals, challenging only the denial of his motion for a downward departure.

## II.

This court reviews a district court's application and interpretation of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *See United States v. Sharpe*, 193 F.3d 852, 872 (5th Cir. 1999). However, this court has jurisdiction to review a defendant's challenge to a sentence only if it was (1) imposed in violation of law, (2) imposed as a result of an incorrect application of the Guidelines, (3) resulted from an upward departure, (4) or was unreasonably imposed for an offense not covered by the sentencing guidelines. *See United States v. Ogbonna*, 184 F.3d 447, 451 (5th Cir. 1999). "The imposition of a lawful sentence coupled with the decision not to depart from the guidelines provides no ground for relief." *United States v. Miro*, 29 F.3d 194, 198-99 (5th Cir. 1994). We have jurisdiction to review the district court's decision not to depart downward from the guideline range only if the court based its decision upon an erroneous belief that it lacked the authority to depart. *See*

3

*Ogbonna*, 184 F.3d at 451 n.5.  A refusal to grant a downward departure is a violation of law only if the court mistakenly assumes that it lacks authority to depart.  *See United States v. Burleson*, 22 F.3d 93, 95 (5th Cir. 1994).  Finally, there must be "something in the record [to] indicate that the district court held such an erroneous belief."  *United States v. Landerman*, 167 F. 3d 895, 899 (5th Cir. 1999).

In this case, defense counsel asked the district court to clarify its holding concerning the denial of defendant's motion on the record.  The district court explained, "were this an original proposition put to the court, the court might very well adopt the suggestion made by defendant's counsel, but the Fifth Circuit has made it abundantly plain that they are not going to uphold any such action on the part of a federal district judge."  Defense counsel then inquired, ". . . I gather from what the court has indicated that the Court feels that it doesn't have authority based on prior Fifth Circuit decisions."  To which the district court replied, "I sure do.  That's exactly what I feel."  Accordingly, this court has jurisdiction to review whether the refusal was proper.

## III.

Since Yanez-Huerta reentered the United States after being deported for committing an aggravated felony, his base offense level was enhanced by 16 levels from 8 to 24.  *See* U.S.S.G. §§2L1.2(a).  However, the present version of Application Note 5 of §2L1.2, effective November 1, 1997, provides that if

(A) the defendant has previously been convicted of only

4

one felony offense ; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

Yanez-Huerta does not dispute that he was deported after being convicted for an aggravated felony; the Government does not dispute that Yanez-Huerta has only a single underlying felony conviction, and this conviction for possession of cocaine was a non-violent offense.  Hence, it is the third prong of Application Note 5 on which the parties differ.  Specifically, does a suspended sentence for an aggravated felony constitutes a "term of imprisonment imposed?"

The current §2L1.2 does not define "term of imprisonment imposed," nor does it explicitly incorporate a definition from the Title VIII of the United States Code.  The prior version of §2L1.2 did not contain the current Application Note 5, but did contain the phrase "term of imprisonment" in another application note that defined "aggravated felony."  Prior to its amendment in 1996, "aggravated felony" was defined, in part, an offense "for which the term imprisonment imposed (regardless of any suspension of such imprisonment) . . ."  8 U.S.C. § 1101(a)(43)(F), (G), and (N) (1994).  The "regardless of suspension" parenthetical was eliminated by the 1996 amendments.  Instead, Congress augmented the definitional provisions governing "convictions" to clarify that:

> Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court

5

of law *regardless of any suspension* of the imposition or execution of that imprisonment or sentence in whole or in part.

8 U.S.C. § 1101(a)(48)(B)(1999)(emphasis added).

From this reorganization, Appellant gleans that the amendments have a substantive purpose -- specifically, congressional intent to exclude suspended sentences. Essentially, Appellant argues that if the Sentencing Commission wanted to include suspended sentences, it would have used the same language that it earlier employed.

We find this argument unpersuasive. First, there is no evidence that this change was intended to serve a substantive purpose, let alone the one proposed by Appellant. The amendment served the obvious purpose of simplification by reducing the number of identical parentheticals from four to one. There is nothing in the statutory amendments nor the guidelines to suggest that such a substantive amendment was intended.

Second, Appellant is unable to explain why the clear statement in general provisions section § 1101(a)(48)(b) should not apply. Guideline §2L1.2 expressly incorporates the definition of "aggravated felony" contained in § 1101(a)(43). Logic dictates that if Application Note 5 refers to a "term of imprisonment" imposed with respect to an offense defined by § 1101(a)(43), § 1101(a)(48)(B) applies.[2] We essentially adopted this position in

---

[2]    Also, Amendment 562 explicitly states that the 1997 amendment to §2L1.2 "conforms the definition of 'aggravated felony' in the guidelines with the amended definition in the Immigration and Nationality Act." U.S.S.G. Appendix C, amendment 562 at 413.

6

*United States v. Banda-Zamora*, 178 F.3d 728, 730 ( 5th Cir. 1999), in which we concluded, "§ 1101 offers a series of definitions applicable to the entire chapter [such that] the definition in § 1101(a)(48)(B) applies recursively" to the other definitions in § 1101(a)(43).

Similarly, the transfer of the "suspended sentence" parenthetical from the definitions of, *inter alia*, "crime of violence," "theft offense" to the definition of the broader term "conviction", does not support a conclusion that Congress no longer intended a suspended sentence to be considered a sentence of a "term of imprisonment imposed"  As we have earlier stated when discussing the predecessor version of §2L1.2, "[c]learly, the Sentencing Commission envisioned [§ 2L1.2's] applicability to extend to those defendants who actually are ordered to serve their sentences and also those defendants who avoid a determined period of incarceration by a process which suspends serving the term of imprisonment."  *United states v. Ramos-Garcia*, 95 F.3d 369, 371 (5th Cir. 1996) (quoting *United States v. Vasquez-Balandran*, 76 F.3d 648, 651 (5th Cir. 1996).

In conclusion, we hold that because Application Note 5 refers to a term of imprisonment imposed with respect to an offense defined by § 1101(a)(43), § 1101(a)(48)(B) applies.  Consequently, §2L1.2's "term of imprisonment imposed" includes sentences imposed regardless of any suspension of the imposition or execution of that imprisonment.

On this point we are in accord with the Tenth Circuit, the

7

lone circuit court to have addressed the effect of these particular amendments. *See United States v. Chavez-Valenzuela*, 170 F.3d 1038 (10th Cir. 1999). Additionally, the circuit courts which addressed "term of imprisonment" under the pre-amendment era § 2L1.2 interpreted it to mean the sentence imposed, regardless of suspensions, rather than the time actually served. *See United States v. Galicia-Delgado*, 130 F.3d 518, 520 (2d Cir. 1997); *United States v. Cordova-Beraud*, 90 F.3d 215, 218-19 (7th Cir. 1996). The changes made by the 1996 amendments do not suggest that Congress meant to overturn this interpretation of the term.

## IV.

Yanez-Huerta is not entitled to a downward departure under §2L1.2 if a term of imprisonment of more than one year was imposed for his prior aggravated felony. Guideline §2L1.2 defines aggravated felony in relation to § 1101(a)(43), and § 1101(a)(48)(B) applies recursively, "term of imprisonment imposed" includes suspended sentences. Therefore, Yanez-Huerta's five-year suspended term of imprisonment exceeded the one-year maximum specified in Application Note 5, making him ineligible for a departure based on the relatively minor nature of his underlying felony conviction.[3] Accordingly, the district court was correct to

---

[3] Appellant also sought a downward departure for the relatively minor nature of his underlying felony pursuant to the district court's general authority to depart under §5K2.0. In this particular instance, a §5K2.0 downward departure would essentially duplicate the §2L1.2 provisions established by the Sentencing Commission to afford a criminal defendant a possible downward departure to lessen the effect that a relatively minor underlying

8

deny the motion for a downward departure under that provision.  The

judgment of the district court is therefore AFFIRMED.

---

felony conviction can have on his offense level.  *Cf. Koon v.*
*United States*, 518 U.S. 81, 91-94 (1996).  Because a §5K2.0
departure would have been based on factors already taken into
account by §2L1.2, the district court properly addressed the
appropriateness of a downward departure solely under the criteria
set forth in the latter provision.