**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-41225**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ALICIA WINGATE,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(6:99-CR-2-2)**
_____

**May 3, 2000**

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Alicia Wingate appeals her sentence based on her guilty plea conviction for misprision of a felony, claiming the district court concluded erroneously it did *not* possess discretion under the Sentencing Guidelines to depart downward for extraordinary family circumstances.

Our court has jurisdiction to review a decision *not* to depart downward *only* if it is based on the district court's erroneous belief that it lacked the authority to depart. *E.g., **United States v. Yanez-Huerta***, No. 99-50363, ___ F.3d ___, 2000 WL 300561, at *2 (5th Cir. 23 March 2000).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court denied Wingate's motion to depart because "there [were] *no* factors present in [her] motion which have *not* sufficiently been considered by the ... Guidelines, which would warrant [downward] a departure...." (Emphasis added.) Because the refusal to depart downward was *not* based on an erroneous belief that the court lacked authority to depart, we are without jurisdiction to review the decision.

*DISMISSED*