IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41273
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MANUEL CRUZ-ISLAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of
USDC No. B-99-CR-263-1
--------------------
August 21, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Manuel Cruz-Islas pleaded guilty to the charge of unlawful re-entry into the United States after deportation in violation of 8 U.S.C. §§ 1326(a), (b). Cruz-Islas moved for a downward departure, asserting that his reason for re-entering the United States was to care for his four minor children while his wife underwent back surgery. The district court denied the motion and sentenced Cruz-Islas to seventy-seven months' imprisonment, three years of supervised release, and $100 special assessment. Manuel-Cruz filed a timely appeal, contesting only the sentence imposed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Manuel-Cruz argues on appeal that the district court mistakenly believed that it lacked the discretion to depart downward in his case.

This court has jurisdiction to review a defendant's challenge to a sentence only if it was (1) imposed in violation of law, (2) imposed as a result of an incorrect application of the guidelines, (3) resulted from an upward departure, or (4) was unreasonably imposed for an offense not covered by the sentencing guidelines. See United States v. Ogbonna, 184 F.3d 447, 451 (5th Cir.), cert. denied, 120 S.Ct. 600 (1999). A refusal to grant a downward departure is a violation of law only if the court mistakenly assumes that it lacks authority to depart. United States v. Yanez-Huerta, 207 F.3d 746, 748 (5th Cir. 2000).

At sentencing, the district court stated: "[T]he laws just don't lend themselves for [Cruz] to get that kind of favor as far as his sentence is concerned. I don't agree with the law. . . . I am subject to the laws, so I must comply." These statements indicate that the district court believed itself to be without any authority to depart from the sentencing guidelines. Although family ties and responsibilities are not ordinarily relevant in determining whether to depart from a sentence, see U.S.S.G. § 5H1.6, p.s., both 18 U.S.C. § 3553(b) and United States v. Koon, 518 U.S. 81, 92 (1996) give a district court the authority to depart where a particular case presents atypical aggravating or mitigating features that were not adequately taken into consideration by the Sentencing Commission.

Accordingly, to allow the district court the opportunity to determine whether the facts of this case are extraordinary enough to warrant a downward departure, the defendant's sentence is VACATED and this case is REMANDED FOR RESENTENCING.