IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51178
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO CHAVIRRA-ESPARZA, true
name Gilberto Chavarria-Esparza,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1430-ALL-H
--------------------
August 24, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Gilberto Chavirra-Esparza appeals his guilty-plea conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326. Chavirra-Esparza argues that the district court erred in denying his motion for a downward departure under U.S.S.G. § 2L1.2, comment. (n.5).

Under § 2L1.2(b)(1)(A), the base offense level for a defendant who was previously deported after a conviction for an aggravated felony is increased by 16. Application note 5

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provides that a downward departure may be warranted based on the seriousness of the aggravated felony if the defendant has been convicted of only one prior felony offense, this offense was not a crime of violence or a firearms offense, and "the term of imprisonment imposed for such offense did not exceed one year." Chavirra-Esparza contends that he qualified for a downward departure under this provision because his prior seven-year sentence for delivery of marihuana was suspended. He concedes that this argument is foreclosed by our caselaw, but raises his contention to preserve it for review by the Supreme Court.

In United States v. Yanez-Huerta, 207 F.3d 746 (5th Cir. 2000), this court held that "the term of imprisonment imposed" in § 2L1.2, comment. (n.5), includes the imprisonment imposed "regardless of any suspension of the imposition or execution of that imprisonment." Id. at 749. Therefore, Chavirra-Esparza's argument is without merit, and the judgment of the district court is AFFIRMED.

Chavirra-Esparza's motion for leave to file a supplemental brief is DENIED.

AFFIRMED; MOTION DENIED.