**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-40016**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DENNIS TERRY,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(C-99-CR-219-1)**

_____

August 29, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Dennis Terry appeals his sentence for receiving child pornography. We **AFFIRM**.

I.

Having been charged with seven counts of receiving child pornography, Dennis Terry pleaded guilty to the first six. He was sentenced to 75 months imprisonment and fined $1,000.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## II.

Terry maintains: he received ineffective assistance of counsel; and his sentence was calculated erroneously under the Guidelines.

### A.

The claimed ineffective assistance is based on an unsuccessful motion to suppress, claimed to have prompted a more serious superseding indictment and a less beneficial plea agreement. "A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant ... includ[ing] claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Terry does *not* contend that the alleged ineffectiveness rendered his guilty plea involuntary. Accordingly, by pleading guilty, he waived this ineffective assistance claim.

### B.

We review the district court's application and interpretation of the Guidelines *de novo*, and its factual findings for clear error. *E.g., United States v. Yanez-Huerta*, 207 F.3d 746, 747 (5th Cir. 2000).

### 1.

Terry claims the district court erroneously used the higher

base offense level found in U.S.S.G. § 2G2.2 (for "receiving" child pornography), rather than the lower level found in § 2G2.4 (for "possession" of such pornography). He maintains it is irrational to punish the receipt of such pornography more severely than its possession, because one cannot possess the material without first receiving it. Because Terry pleaded guilty to "receiving" child pornography, his contention is without merit. *See* **United States v. Canada**, 110 F.3d 260, 264 (5th Cir.) (rejecting similar contention), *cert. denied*, 522 U.S. 875 (1997).

2.

Terry also contests his offense level being increased under U.S.S.G. § 2G2.2(b)(3) (four-level increase if offense conduct "involved material that portrays sadistic or masochistic conduct or other depictions of violence").

In the presentence report (PSR), the probation officer concluded that the images forming the bases for counts 1 and 2 warranted the § 2G2.2(b)(3) four-level increase. The image in count 1 depicts a nude female minor, hanging upside down while engaging in oral sex with two adult males; in count 2, sexual intercourse with a nude adult male. Over Terry's objections, the district court adopted the PSR's findings and conclusions. The court reasoned that the penetration of a child amounted to torture, as well as sadistic and masochistic conduct.

Terry claims the § 2G2.2(b)(3) increase was *not* warranted,

absent evidence the children were being tortured or otherwise made to suffer pain. The district court did *not clearly err* in finding that the photographs — depicting penetration of the orifices of prepubescent children — portray sexual violence and sadistic and masochistic conduct.

The contention that application of the enhancement constitutes "double enhancement", because the depiction of "prepubescent children engaged in sexual acts with adult males is what made the photographs pornographic in the first place", is without merit. Obviously, child pornography can depict sexually explicit conduct without also depicting sexual penetration.

3.

Although *not* raised as a separate issue, Terry asserts that the purported sentencing errors were "made more egregious by the prosecutor arguing for a midrange sentence when the plea agreement called for a low range sentence". This contention is *not* adequately briefed. Moreover, Terry does *not* claim a breach of the plea agreement or seek remedies therefor. *See* FED. R. APP. P. 28 (a)(9)(A) (argument must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); ***United States v. Cyprian***, 197 F.3d 736, 741 (5th Cir. 1999) ("points on appeal are abandoned if *not* briefed adequately" (emphasis in original)).

III.

4

For the foregoing reasons, the judgment is

AFFIRMED.