IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30825
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHEDDRICK WHITE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-50075-1
- - - - - - - - - -
January 29, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sheddrick White appeals his sentence for conspiracy to commit a violent crime (first-degree murder) in aid of a racketeering activity, a violation of 18 U.S.C. § 1959(b)(2).

White argues that the district court erred in imposing a four-level offense-level enhancement on the ground that he had accepted an offer of money to commit what would have constituted first-degree murder. See U.S.S.G. § 2A2.1(b)(2). He maintains that the evidence relied upon by the court lacked "sufficient indicia of reliability" under § 6A1.3. In applying the increase,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court relied on information included in White's Presentence Report and on hearsay statements by a coconspirator, as reported at his sentencing hearing by a DEA agent. This evidence had sufficient indicia of reliability and was unrebutted by White. See United States v. Fitzgerald, 89 F.3d 218, 223 (5th Cir. 1996); United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996).

For the first time on appeal, White contends that the district court erred in departing upward from the applicable Sentencing Guidelines imprisonment range in sentencing him to the maximum statutory prison term of 120 months. Because the court specifically cited a reason included in the Guideline notes in imposing the departure--the efforts by White and another man to burn down a rival's house endangered the lives of more than one person--White cannot show plain error. See § 2A2.1, comment. (n.3); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

White also challenges the district court's refusal to enter a downward departure based on his youthfulness--White was only 17 years old when the offense was committed--and on his alleged assistance to authorities. Because there is no indication in the record that the district court's refusal to depart downward was based on a mistaken belief that the court lacked the power to do so, this court lacks jurisdiction over this claim. See United States v. Yanez-Huerta, 207 F.3d 746, 748 (5th Cir.), cert. denied, 121 S. Ct. 432 (2000).

The sentence is AFFIRMED.