IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40876
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS GERARDO BLANDON-ROJAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-79-1
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Luis Gerardo Blandon-Rojas appeals his guilty plea conviction and sentence for illegal reentry into the United States following deportation. He asserts that: (1) the district court erred in denying his motion for a downward departure based on cultural assimilation due to its mistaken belief that it lacked authority to so depart and (2) in light of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), his indictment was defective because it did not allege his prior aggravated felony conviction.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record in the instant case does not show that the district court believed that it lacked the authority to depart downward based on cultural assimilation.  Therefore, the district court's denial of Blandon's downward departure motion was not a violation of law, and this court lacks jurisdiction to review this issue.  See United States v. Yanez-Huerta, 207 F.3d 746, 748 (5th Cir. 2000).  Blandon's appeal of the downward departure issue is dismissed for lack of jurisdiction.  See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

As Blandon concedes, his challenge to the indictment is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998), which was not overruled by Apprendi, 120 S. Ct. at 2362-63.  See United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), petition for cert. filed (U.S. Jan. 4, 2001) (No. 7819).  With respect to this issue, the judgment of the district court is affirmed.

APPEAL DISMISSED IN PART, AFFIRMED IN PART.