IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20438
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL JESUS VARGAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-702-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

Saul Jesus Vargas appeals his guilty-plea conviction and sentence for re-entering the United States illegally after deportation in violation of 8 U.S.C. § 1326.  Vargas' sentence was enhanced pursuant to U.S.S.G. § 2L1.2(b)(1)(A).

Vargas first argues that in view of the Supreme Court's decision in Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), his sentence should be limited to the two-year statutory maximum sentence for a violation of 8 U.S.C. § 1326(a).  Vargas also argues that the felony conviction that resulted in his

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in his indictment. Vargas' argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although the Supreme Court, in Apprendi, noted that Almendarez-Torres may have been incorrectly decided, the Court did not overrule Almendarez-Torres. United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).

Vargas next argues that the district court incorrectly applied § 2L1.2(b)(1)(A) of the Sentencing Guidelines in determining his sentence. Vargas has not challenged the use of his prior theft conviction as an aggravated felony which would support the base offense level increase. Upon reviewing the record, we conclude that the district court properly applied § 2L1.2(b)(1)(A) in this case. United States v. Yanez-Huerta, 207 F.3d 746, 747 (5th Cir.), cert. denied, 121 S. Ct. 432 (2000). Finally, we are without jurisdiction to review the district court's refusal to depart downward because there is no indication in the record that the district court believed it lacked the authority to do so. United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

AFFIRMED.