IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-40770

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR SOTO

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
M-00-CR-564-1

---

January 2, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In October, 2000, Salvador Soto drove a van from Mexico into the United States, crossing the border at Hidalgo, Texas. The van contained approximately 108 pounds of marijuana. Soto pled guilty to possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(D). Because the district court erroneously believed it was without

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authority to grant a downward departure requested by Soto, we vacate Soto's sentence and remand for resentencing.

We review the district court's application of the guidelines *de novo* and its findings of fact for clear error.[1]

At sentencing, Soto argued that he was eligible for a downward departure under U.S.S.G. § 5K2.20 for "aberrant behavior." The district court, unfamiliar with this new guideline, rejected Soto's argument because it interpreted the guideline's application notes as foreclosing a departure if the defendant had been convicted of any violation of Title 21 of the United States Code other than simple possession.

This Court may review a challenge to a sentence only if (1) it was imposed in violation of law, (2) imposed as a result of an incorrect application of the guidelines, (3) resulted from an upward departure, or (4) was unreasonably imposed for an offense not covered by the guidelines.[2] "A refusal to grant a downward departure is a violation of law only if the court mistakenly assumes that it lacks authority to depart."[3] We therefore may not review a refusal to depart downward unless the district court made

---

[1] *United States v. Sharpe*, 193 F.3d 852, 872 (5th Cir. 1999).

[2] *United States v. Yanez-Huerta*, 207 F.3d 746, 748 (5th Cir. 2000).

[3] *Id.*

2

its decision under the mistaken belief that it lacked the power to do so.[4]

Soto requested a departure for "aberrant behavior" as described in § 5K2.20, which states

> A sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior. However, the court may not depart below the guideline range on this basis if ... (3) the instant offense of conviction is a serious drug trafficking offense ....[5]

As a policy statement, § 5K2.20 is binding as to the meaning of the departure guidelines.[6]

The district court concluded, on the basis of application note 1 to § 5K2.20, that it could not depart downward because Soto's conviction was for a "serious drug trafficking offense." That note, in relevant part, defines "serious drug trafficking offense" as

> any controlled substance offense under title 21, United States Code, other than simple possession under 21 U.S.C. § 844, that, because the defendant does not meet the criteria under § 5C1.2 (Limitation on the Application of Statutory Mandatory Minimum Sentences in Certain Cases), results in the imposition of a mandatory minimum term of imprisonment upon the defendant.[7]

---

[4] *Id.*

[5] U.S.S.G. § 5K2.20.

[6] *Stinson v. United States*, 508 U.S. 36, 42 (1993).

[7] U.S.S.G. § 5K2.20, comment n.1.

It is undisputed that Soto's offense does not carry a mandatory minimum and therefore is not a "serious drug trafficking offense" within the plain meaning of this application note.

The Government, however, argues that since the district court did not find Soto otherwise eligible for this downward departure, that we should affirm the sentence.  While it is true that "we have no jurisdiction if the court's refusal [to depart downward] is based on its determination that a departure is not warranted on the facts of the case,"[8] there was no such determination by the district court in this case.   The record reveals that after erroneously determining that Soto was ineligible for a downward departure under § 5K2.20 because he had committed a "serious drug trafficking offense" the district court did not inquire further into the suitability of Soto's case for application of § 5K2.20, though it might have been inclined to do so.[9]

---

[8] *United States v. Brace*, 145 F.3d 247, 263 (5th Cir. 1998) (en banc).

[9] After hearing the conditions under which a departure under § 5K2.20 could not be granted, the district court engaged in this exchange with the probation officer and Mr. Tiemann, then Soto's counsel—

> THE COURT: Well, now, wait a minute.  The third one is that it not be a serious drug trafficking offense?
> PROBATION OFFICER: That is correct, Your Honor.
> MR. TIEMANN: It is defined here, Your Honor.  There are two parts of —
> THE COURT: How do they define serious drug trafficking?
> PROBATION OFFICER: It says here any controlled substance under Tile 21, U.S.C., other than simple possession, that because the defendant does not meet the criteria under the Safety Valve, it results in the imposition of a mandatory minimum term of imprisonment on the defendant.
> MR. TIEMANN: So a serious drug trafficking offense is defined as those that involve a mandatory minimum sentence, and this doesn't result in a mandatory minimum sentence.  So this is not a serious

4

We therefore VACATE Soto's sentence and REMAND to the district court for resentencing.

---

drug trafficking crime under that definition.

    THE COURT: Where does it say that?  Read that again to me, sir.

    PROBATION OFFICER: Says here "serious drug trafficking offense means any controlled substance under Title 21 of the U.S. Code, other than simple possession, that because the defendant does not meet the criteria under 5C1.2 results in the imposition of a mandatory minimum term of imprisonment upon the defendant.

    THE COURT: Other than simple possession.  That's what it says, doesn't it?

    PROBATION OFFICER: That is correct, Your Honor.

    THE COURT: He doesn't qualify.  Record on Appeal 43-44.

While counsel for Soto argued further, the district court did not waver in its opinion that Soto was ineligible because his offense was not simple possession.