IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-51130

Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PASCACIO CARMONA-ORTEGA, also known as Jesus
Carmona-Ortiz, also known as Jesus Jose Carmona,
also known as Gerardo Pena-Lopez,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
EP-01-CR-1027-ALL-DB

_____

May 30, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Pascacio Carmona-Ortega appeals a 46-month sentence imposed following his guilty plea to a charge of illegally entering and being found in the United States after deportation, a violation of 8 U.S.C. § 1326.

Carmona-Ortega argues that the district court should have

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

departed downward in sentencing him under the guidelines, on the ground of cultural assimilation. The record shows that the district court did not base its decision upon an erroneous belief that it lacked the authority to depart.[1]

Carmona-Ortega contends that the district court should have sentenced him under the guidelines that became effective on November 1, 2001, even though he was sentenced two days prior to that date. His argument that the relevant guideline is retroactive because it is merely clarifying lacks merit because the amendment's purpose was to make substantive changes in the punishment for 18 U.S.C. § 1326 offenses.[2]

AFFIRMED.

---

[1] *United States v. Yanez-Huerta*, 207 F.3d 746, 748 (5th Cir. 2000).

[2] *United States v. McIntosh*, 280 F.3d 479, 485 (5th Cir. 2002).