IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40993
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL R. LAMBRIGHT, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas

--------------------
January 30, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:

Joel R. Lambright, Jr. (Lambright), appeals the sentence imposed by the district court following his guilty-plea conviction for willful deprivation, under color of law, of another's constitutional rights under 18 U.S.C. § 242. Lambright, who was working as a corrections officer at a Texas state prison at the time of the offense, assaulted an inmate named Michael McCoy (McCoy), causing his death. Lambright argues that the district court erred in enhancing his sentence by two levels based upon a finding that his victim was a "vulnerable victim" under U.S.S.G. § 3A1.1(b)(1). Lambright also argues that

the district court erred in denying his motion for downward departure from the sentencing guidelines.

The sentencing guidelines provide for a two-level increase in the base offense level "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." § 3A1.1(b)(1). For the enhancement under § 3A1.1(b)(1) to apply, the victim must be "unusually vulnerable due to age, physical or mental condition, or . . . otherwise particularly susceptible to the criminal conduct." § 3A1.1(b) & comment. (n.2); see also United States v. Moree, 897 F.2d 1329, 1335-36 (5th Cir. 1990).

"We review the district court's interpretation of the guidelines de novo; we review a finding of unusual vulnerability for clear error and to determine whether the district court's conclusion was plausible in light of the record as a whole." United States v. Robinson, 119 F.3d 1205, 1218 (5th Cir. 1997)(internal quotation marks and citations omitted).

The district court based its conclusion that the victim McCoy was a vulnerable victim on the findings that he was completely dependent upon the care of the correction officers, that he was locked in his cell prior to the assault, and that he could not protect himself from the assault. The district court's findings are consistent with our holding in United States v. Clayton, 172 F.3d 347, 353 (5th Cir. 1999), in which we determined that the sentence enhancement under U.S.S.G. § 3A1.3, which applies if the victim was physically restrained in the

course of the offense, applied to a former deputy sheriff, who assaulted an arrestee while she lay face down and handcuffed. We noted that the victim "could not defend herself against an assault, and could not flee from harm" and that "[the defendant] took advantage of this restraint and the particular vulnerability of the victim." Id.; see also United States v. Tapia, 59 F.3d 1137, 1143 (11th Cir. 1995) (incarcerated government informant attacked by fellow inmates was vulnerable victim under § 3A1.1; court found that informant "was particularly vulnerable by virtue of his incarceration with [the defendants] and his inability to escape"); United States v. Hershkowitz, 968 F.2d 1503, 1505-06 (2d Cir. 1992) (§ 3A1.1 enhancement applied to prisoner attacked by detention facility guard).

Consequently, we find that the district court's conclusion that Lambright knew or should have known that McCoy was a vulnerable victim was "plausible in light of the record as a whole" and it was not clear error for the district court to enhance Lambright's sentence under § 3A1.1(b)(1). Robinson, 119 F.3d at 1218 (internal quotation marks and citations omitted).

"We have jurisdiction to review the district court's decision not to depart downward from the guideline range only if the court based its decision upon an erroneous belief that it lacked the authority to depart." United States v. Yanez-Huerta, 207 F.3d 746, 748 (5th Cir. 2000). "[T]here must be something in the record [to] indicate that the district court held such an

erroneous belief."  Id. (internal quotation marks and citation omitted).

The record does not reveal that the district court mistakenly believed that it could not depart downward on Lambright's sentence.  The record reflects that the district court denied Lambright's requested downward departure after hearing extensive argument from his counsel and considering not only whether there were specific guideline provisions that would support the defendant's request, but also whether this was an extraordinary case that would fit under the general provisions of § 5K2.0.  The district court also considered that the defendant's conduct resulted in the victim's death.

Therefore, we do not have jurisdiction to review Lambright's claim that the district court erred in declining to depart downward from the sentencing guidelines in imposing his sentence. Yanez-Huerta, 207 F.3d at 748.

Accordingly, Lambright's sentence is hereby AFFIRMED.