IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60476
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM HEATH MARS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CR-13-1-D
--------------------
March 7, 2003

Before JONES, STEWART, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

William Heath Mars is appealing his conditional guilty plea conviction for possession of methamphetamine with intent to distribute and for possession of a firearm during and in relation to that drug-trafficking offense.

The motion of the United States to supplement the record on appeal with the transcript of the suppression hearing is GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mars argues that the district court erred in denying his motion to suppress evidence seized from his residence because the warrant was a general warrant which left the agents with discretion with respect to the items to be seized.

Viewing the evidence in the light most favorable to the Government, the district court did not err in denying the motion to suppress. The affidavit referred to the list of specific items to be seized and incorporated the detailed underlying factual statement. Thus, it was not a "bare bones" affidavit. See United States v. Cherna, 184 F.3d 403, 407-09 (5th Cir. 1999).

The search warrant referred to the affidavit and also incorporated the underlying statement of facts which set out in detail the reasons for the search for particular items. The incorporation of the detailed statement satisfied the particularity requirement. See United States v. Shugart, 117 F.3d 838, 845 (5th Cir. 1997).

The evidence also supports the finding that Agent Palmer acted in good faith and, thus, even assuming that the search warrant did not satisfy the particularity requirement, the good faith exception applies to uphold the validity of the search. Shurgart, 117 F.3d at 844-46. Further, based on the results of the extensive investigation made prior to the issuance of the warrant, the district court did not err in determining that there was probable cause for the search. See United States v. Brown, 941 F.2d 1300, 1302 (5th Cir. 1991).

Mars also argues that the district court did not properly consider his request for a downward departure based on U.S.S.G. § 5H1.4. Mars argues that the district court misunderstood its ability to depart downward because it justified denying the motion based on sustaining Mars' objection regarding the scope of his relevant conduct.

Because the district court did not base its decision on an erroneous belief that it lacked authority to depart, the ruling on the motion to depart is not subject to review. United States v. Yanez-Huerta, 207 F.3d 746, 748 (5th Cir. 2000).

Mars' conviction and sentence are AFFIRMED.