United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51064
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY LESTER MITCHELL, JR.,
also known as Roy Lester Mitchell,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-42-1
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roy Lester Mitchell, Jr., appeals the sentence he received
following his guilty-plea conviction for being a felon in
possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).
The sentence imposed will be upheld unless it was imposed in
violation of the law or as a result of an incorrect application
of the guidelines; in reviewing the sentence, the district
court's fact findings are reviewed for clear error and its legal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conclusions are reviewed <u>de</u> <u>novo</u>. <u>United States v. Armstead</u>, 114 F.3d 504, 507 (5th Cir. 1997).

Mitchell argues that the district court erred in assessing a four-point sentencing increase, pursuant to U.S.S.G. § 2K2.1(b)(5), because there was no proof that the gun was possessed in connection with any drug-trafficking crime, particularly because no crack cocaine was found in his home at the time the search warrant was executed. He urges that the record shows that he had the gun to protect his family following an armed robbery of his home.

Contrary to Mitchell's assertions, the record establishes that he was dealing drugs out of his home, as evidenced by the fact that several controlled purchases of crack cocaine were made there, that drug paraphernalia and proceeds were found there, and that Mitchell, despite specifically denying that he dealt in crack cocaine, admitted to possessing drug money and to buying and selling drugs at the street values reflected in the ledgers he kept. That no crack cocaine was actually found at the time of the search is irrelevant. <u>See</u> <u>Armstead</u>, 114 F.3d at 511. Because the gun was kept at Mitchell's residence and could have been used to facilitate his drug trafficking, the four-point enhancement was appropriate. <u>See</u> <u>id.</u> at 507, 512.

Mitchell next asserts that the district court improperly denied his request for a § 5K2.12 downward departure based on the fact that he possessed the gun under duress. He does not contend

that the district court's denial was based on a mistaken belief that it lacked the authority to grant the departure. Consequently, this issue is not reviewable by this court.  <u>See</u> <u>United States v. Yanez-Huerta</u>, 207 F.3d 746, 748 (5th Cir. 2000).

Mitchell has not demonstrated any error in the sentence he received.  The district court's judgment is therefore AFFIRMED.