# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-61064
Summary Calendar

OLGA PANGILINAN HATHAWAY,

      Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

      Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A44-832-934

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Olga Pangilinan Hathaway appeals an order from the Board of Immigration Appeals (BIA) denying her applications for: asylum; cancellation of removal; and withholding of removal. Although the factual background and statutory framework are a bit complicated, the result in this case (a denial) has been predetermined by binding Fifth Circuit precedent.

In 1995, the United States admitted Hathaway – a citizen of the Philippines – as a permanent resident. In 2004 in Taylor County, Texas,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hathaway pleaded guilt to possession of a small amount of methamphetamine.[1] The Forty-Second Judicial District Court sentenced her to fifteen months in jail – but instead placed her on community supervision for three years. Then, in 2005, Hathaway was again caught with methamphetamine; she pleaded guilty in Eastland County, Texas to possession of a controlled substance.[2] This time, the Ninety-First Judicial District Court sentenced her to seven years confinement – but suspended and probated that sentence for ten years. The Texas courts did not specifically sentence her as a recidivist offender under state law.

In 2007, the Department of Homeland Security (DHS) – apparently unaware of her 2004 conviction – notified Hathaway that her 2005 drug conviction subjected her to removal under the Immigration and Nationality Act (INA).[3] Unfortunately for Hathaway, the Government subsequently discovered the 2004 offense, and DHS amended its charge to allege that Hathaway had been convicted of an aggravated felony: illicit trafficking in a controlled substance.

Under the INA, an "aggravated felony" is defined (in part) as a "drug trafficking crime" – which, in turn, is defined as any felony punishable under the Controlled Substances Act (CSA).[4] The CSA allows the federal government in some instances to punish – as a felony – recidivist possession of a controlled substance. Relevant to Hathaway's particular case: if a defendant commits a

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.115(b).

[2] *See* TEX. HEALTH & SAFETY CODE §§ 481.115(a) & (d).

[3] *See* Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i).

[4] *See* 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2).

possession offense after a prior state-law possession conviction has become final, the second offense is punishable as a felony under the CSA.[5]

In her proceeding before an Immigration Judge, Hathaway sought asylum, cancellation of removal, and withholding of removal. Under normal circumstances, the Attorney General may cancel the removal of an otherwise deportable alien; however, he cannot cancel removal of an alien who has been convicted of an aggravated felony.[6] The Immigration Judge noted that – even though the federal authorities did not in fact prosecute her – Hathaway's second methamphetamine offense was "punishable" as a felony under the CSA. That is, a federal court hypothetically could have punished Hathaway as a recidivist possessory felon under the CSA, making her offense an aggravated felony and precluding her from eligibility for cancellation of removal.

The Immigration Judge also pretermitted Hathaway's applications for asylum and for withholding of removal. An alien is ineligible for either of these forms of relief if she has committed a particularly serious crime.[7] For withholding of removal, a particularly serious crime is statutorily defined as a conviction of an "aggravated felony . . . for which the alien has been sentenced to an aggregated term of imprisonment of at least 5 years."[8] In the asylum context, any aggravated felony – regardless of the length of sentence – counts as a particularly serious crime.[9] Because the Ninety-First Judicial District Court had *sentenced* Hathaway to seven years confinement for the second drug offense

[5]21 U.S.C. § 844(a); *see also* 18 U.S.C. § 3559(a) (defining a felony as an offense punishable by more than one year in prison).

[6]*See* 8 U.S.C. § 1229b.

[7]*See* 8 U.S.C. § 1158(b)(2)(A)(ii) (asylum context); 8 U.S.C. § 1231(b)(3)(B)(ii) (withholding of removal context).

[8]8 U.S.C. § 1231(b)(3)(B).

[9]8 U.S.C. § 1158(b)(2)(B)(i).

(an aggravated felony), the Immigration Judge determined that she was precluded from seeking asylum or withholding of removal.

The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's findings, and Hathaway now looks to us for relief. She makes two main arguments.

First, Hathaway contends that she did not commit an aggravated felony. She claims that even though federal authorities *hypothetically* may have been able to punish her as a recidivist felon under the CSA, no court (with attendant procedural protections) actually determined her to be a recidivist. Hathaway, it would seem, would require the second possession offense to be prosecuted under a state recidivism law that corresponds to the CSA's federal recidivism law. But, her reasoning was already doomed at the time she filed her appeal,[10] and this court has recently issued yet another binding opinion – *Carachuri-Rosendo v. Holder*[11] – directly rejecting the exact same argument.

Second, Hathaway circularly contends that she was not convicted of a particularly serious crime because her offense was not particularly serious. On appeal, Hathaway has provided us with no legal support[12] for disregarding the plain language of the statute – which states that a particularly serious crime includes an aggravated felony with a sentence of at least five years. Although her rationale is far from clear, perhaps Hathaway means to argue – as she did before the BIA — that because the criminal court *suspended* the seven-year sentence for her second offense, she was not *actually* sentenced to a term of at least five years. In other words, Hathaway would substitute "time served" for

---

[10]*See United States v. Sanchez-Villalobos*, 412 F.3d 572, 576-77 (5th Cir. 2005); *United States v. Cepeda-Rios*, 530 F.3d 333 (5th Cir. 2008).

[11]570 F.3d 263 (5th Cir. 2009).

[12]The one administrative matter cited by Hathaway – *In re Y-L-*, 23 I. & N. Dec. 270 (A.G. 2002) – is inapt, because that case did not involve aliens who had been sentenced to confinement of five or more years.

"time sentenced." But the INA's plain language directly contradicts this logic, specifying: "Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part."[13] Moreover, our case law independently forecloses the argument.[14] Although Hathaway presents an emotionally compelling case, she has offered utterly no relevant legal reason for classifying her crime as anything but particularly serious.

For the foregoing reasons, Hathaway's petition for review is DENIED.

---

[13] 8 U.S.C. § 1101(a)(48)(B).

[14] *See United States v. Yanez-Huerta*, 207 F.3d 746, 749 (5th Cir. 2000) (explaining – in the sentencing context – that the plain language of 8 U.S.C. § 1101(a)(48)(B) applies to aggravated felonies defined in 8 U.S.C. § 1101(a)(43)(B)); *Carachuri-Rosendo*, 570 F.3d at 568 (holding that 8 U.S.C. § 1101(a)(43)(B) is analyzed the same way "in both sentencing and immigration cases").