[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15891
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:09-cr-00217-ACC-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL KENNEDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 23, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Convicted of conspiracy against rights and deprivation of rights under color

of law in violation of 18 U.S.C. §§ 241 and 242, Michael Kennedy appeals the

district court's application of the vulnerable victim enhancement, U.S.S.G. § 3A1.1, in determining the applicable guideline range for his sentences. Kennedy argues that the district court erred by applying this enhancement because the government failed to establish that he targeted the victim, Delano, because of his vulnerability, or that Delano was different from the typical victim of the offenses for which Kennedy was convicted.

We review *de novo* the district court's application of a U.S.S.G. § 3A1.1 enhancement, because it presents a mixed question of law and fact. *United States v. Kapordelis*, 569 F.3d 1291, 1315 (11th Cir. 2009). However, we give due deference to the district court's determination that a victim was vulnerable, because this is a factual finding. *Id*. at 1315-16.

Section 3A1.1 provides for a two-level upward adjustment "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). A "vulnerable victim" is "a person . . . who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1, comment. (n.2). Whether this enhancement applies is a very fact-specific analysis, which should be conducted on a case-by-case basis considering the totality of the circumstances. *United States v. Frank*, 247 F.3d 1257, 1260 (11th Cir. 2001). In

construing the "otherwise particularly susceptible" language in § 3A1.1, we have held that circumstances, as well as immutable characteristics, can render a victim of criminal activity unusually vulnerable. *United States v. Davis*, 967 F.2d 516, 523 (11th Cir. 1992). The vulnerability that triggers § 3A1.1 must be an "unusual" vulnerability which is present in only some victims of that type of crime. *Id*. at 524.

Since the 1995 amendments to the Guidelines, there is no longer a requirement that the defendant target the victim because of his vulnerability. *See United States v. Gonzalez*, 183 F.3d 1315, 1326 (11th Cir. 1999), *superseded by regulation on other grounds as stated in United States v. Diaz*, 248 F.3d 1065, 1107 & n.59 (11th Cir. 2001). In addition, custodial status is not an essential element of 18 U.S.C. §§ 241 and 242, and violations of these provisions are by no means limited to situations involving corrections officers and inmates. *See, e.g., United States v. Pilati*, 627 F.3d 1360, 1361-62 (11th Cir. 2010) (former district attorney convicted of violating 18 U.S.C. § 242 by depriving individuals of their right to be free from unreasonable searches); *United States v. Veal*, 153 F.3d 1233, 1236-38 (11th Cir. 1998) (police officers charged with violating 18 U.S.C. §§ 241 and 242 by using excessive force in arrest).

We have held that inmates can be vulnerable victims under § 3A1.1 by virtue of being confined in a cell with another inmate, and therefore unable to escape his assault. *See United States v. Tapia*, 59 F.3d 1137, 1143 (11th Cir. 1995). Other circuits have held that given the great power corrections officers wield over inmates, inmates who are victims of violent civil rights abuses at the hands of corrections officers can be considered vulnerable victims for sentencing purposes. *See, e.g., United States v. Lambright*, 320 F.3d 517, 519 (5th Cir. 2003) (quoting *Tapia*, 59 F.3d at 1143).

Initially, as noted above, targeting is no longer required for this provision to apply. *See Gonzalez*, 183 F.3d at 1326. Accordingly, Kennedy's first argument fails outright, and we discuss only his second. As an inmate, Delano was under Kennedy's control, and could not freely refuse an order to be transferred to McCullah's cell. Furthermore, once inside McCullah's cell, Delano could not escape. Kennedy does not argue that he was unaware of either of these facts, because to do so would be preposterous. Based on these facts alone, Delano could be considered an unusually vulnerable victim. *See Tapia*, 59 F.3d at 1143; *see also Lambright*, 320 F.3d at 519.

Kennedy's argument to the contrary, based on his reasoning that inmates are typical victims of these crimes, is unpersuasive. *See, e.g., Pilati*, 627 F.3d at

4

1361-62; *Veal*, 153 F.3d at 1236-38. In addition, however, McCullah was a particularly violent inmate who disliked informants, and would be particularly disposed to assaulting them. Moreover, the district court could properly find by a preponderance of the evidence that Kennedy knew that Delano was an informant, and Kennedy's contrary argument on the basis of other credible record evidence does not show clear error in that determination. *See Davis*, 967 F.2d at 523 (setting forth standard of review for historical facts). Accordingly, the district court did not err by applying § 3A1.1 to determine Kennedy's applicable guideline range.

**AFFIRMED.**[1]

---

[1] Kennedy's request for oral argument is denied.