# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-20487
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Lee Ray Boykin, Jr.,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-204-1

---

Before Wiener, Ho, and Ramirez, *Circuit Judges.*

Per Curiam:[*]

Defendant-Appellant Lee Ray Boykin, Jr., was convicted following a jury trial on two counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242, and on two counts of destruction, alteration, or falsification of records in a federal investigation, in violation of 18 U.S.C. § 1519. He was sentenced to 516 months in prison for the § 242 counts and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to 240 months in prison for the § 1519 counts. He was also ordered to serve all the sentences concurrently. He asserts three issues on appeal.

Boykin first contends that the district court erroneously denied his pretrial motion for a competency evaluation.  He maintains that he asserted a good faith and nonfrivolous reason why an examination was necessary, i.e., that he suffered from post-traumatic stress disorder (PTSD), sleeplessness, and anxiety.  We review the district court's denial of that motion for abuse of discretion.  *See United States v. Flores-Martinez*, 677 F.3d 699, 706 (5th Cir. 2012).

The record does not support that there was reasonable cause for the district court to conclude that Boykin was suffering from a mental disease or defect that rendered him unable to understand the nature and consequences of the proceedings against him or to aid properly in his defense. *See* 18 U.S.C. § 4241(a). The record does not reflect a history of irrational behavior by Boykin, nor does he dispute the district court's observation that his courtroom demeanor suggested that he was competent. *See United States v. Messervey*, 317 F.3d 457, 463 (5th Cir. 2002). Further, the record includes no medical opinions as to Boykin's competency. *See id*. Even if he has PTSD or any mental health issues, he has not shown that such conditions interfered with his ability to consult with his counsel, assist in his defense, or understand the proceedings. Boykin has thus not shown that the district court abused its discretion. *See Flores-Martinez*, 677 F.3d at 706; 18 U.S.C. § 4241(a).

Boykin also contends that the district court wrongly assessed a four-level adjustment under United States Sentencing Guideline (U.S.S.G.) § 2A3.1(b)(5). He maintains that the Sentencing Guidelines do not adequately define "abducted" because the term signifies a substantial change in location tantamount to protracted custody, captivity, or substantial isolation or that the term must exclude movement that is only incidental to the commission

of the underlying sexual offense. We review his unpreserved claim for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

When interpreting the Guidelines, we begin with the text, then consult the relevant commentary. *See Stinson v. United States*, 508 U.S. 36, 38 (1993); *United States v. Vargas*, 74 F.4th 673, 677–83 (5th Cir. 2023) (en banc), *cert. denied*, 144 S. Ct. 828 (2024). In this instance, the commentary provides a definition of "abducted" which the district court used in determining that the adjustment was justified. *See* U.S. Sent'g Guidelines Manual § 1B1.1 cmt. n.1(A) (U.S. Sent'g Comm'n 2023). Boykin has not shown that the district court clearly or obviously erred in applying the commentary rather than his proposed definition, which has no support in our caselaw or in the Guidelines. *See Puckett*, 556 U.S. at 135. Moreover, while he likely has abandoned a challenge to the factual application of the adjustment by failing to brief it, see *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993), the record establishes that the adjustment was properly assessed because Boykin forced a victim to accompany him to another location, *see* § 1B1.1 cmt. n.1(A); *United States v. Redmond*, 965 F.3d 416, 419 (5th Cir. 2020); *United States v. Hefferon*, 314 F.3d 211, 225–27 (5th Cir. 2002).

Finally, Boykin contends that the district court erred in applying a two-level enhancement under U.S.S.G. § 3A1.1(b)(1). We review that claim for clear error. *See United States v. Swenson*, 25 F.4th 309, 321 (5th Cir. 2022).

Boykin has not shown that the district court clearly erred. His claim that the adjustment should not apply because he did not target the victim on the basis of her vulnerability is misguided. *See United States v. Dock*, 426 F.3d 269, 274 (5th Cir. 2005). Neither has he established that our caselaw requires a nexus between the victim's vulnerability and the success of the crime. The

record otherwise reflects that Boykin knew or should have known that a victim of one of his § 242 offenses was particularly vulnerable to the criminal conduct. *See* § 3A1.1(b)(1); *United States v. Myers*, 772 F.3d 213, 220 (5th Cir. 2014); *United States v. Lambright*, 320 F.3d 517, 518 (5th Cir. 2003) (per curiam).

The judgment of the district court is AFFIRMED.